NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHIXAPKAID DONALD MICHAEL PAVEL,

Plaintiff-Appellant,

v.

UNIVERSITY OF OREGON; DOUG BLANDY; PENELOPE DAUGHERTY; RANDY KAMPHAUS,

Defendants-Appellees.

No.    18-35287

D.C. No. 6:16-cv-00819-AA

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted May 14, 2019
Portland, Oregon

Before:  N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

Chixapkaid Pavel appeals from the district court's grant of summary

judgment to the individual named defendants on his 42 U.S.C. § 1983 claims based

on qualified immunity, and the district court's grant of summary judgment to the

University of Oregon and all individual defendants on his Title VII claims and his

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

First Amendment retaliation claim. The facts are well-known to the parties; we need not repeat them here. We review the district court's grant of summary judgment de novo. *Nat'l Parks & Conservation Ass'n v. Babbitt*, 241 F.3d 722, 730 (9th Cir. 2001). We affirm.

First, the district court properly granted summary judgment to the individual defendants, finding Pavel's § 1983 claims barred by qualified immunity. A state official is entitled to qualified immunity unless a plaintiff pleads facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted). Here, Pavel's procedural and substantive due process claims fail on the second prong.

"[T]he law regarding procedural due process claims can rarely be considered clearly established at least in the absence of closely corresponding factual and legal precedent." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998) (internal quotation marks omitted). However, "[t]he base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 984 (internal quotation marks omitted). "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of

the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). A "public employee dismissable only for cause [is] entitled to a very limited hearing prior to his termination, to be followed by a more comprehensive post-termination hearing." *Gilbert v. Homar*, 520 U.S. 924, 929 (1997).

Pavel has not presented any closely corresponding factual and legal precedent to the circumstances where a formal administrative and police complaint had been made by a student about a tenured professor who had access to a robust post-termination process. Those due process requirements which are clearly established were satisfied here: Pavel received oral communications about the charges made against him, as well as a written summary of the findings from the University's investigation, and was given opportunities to respond. These facts balanced with the robust post-termination process available to him, satisfy the clearly established requirements of due process. The additional and nuanced due process rights which Pavel desires are not clearly established in the law. Consequently, the individual defendants merit qualified immunity.

Even if Pavel could demonstrate that the individual defendants' actions violated his substantive due process rights, defendants are still entitled to qualified immunity because Pavel failed to demonstrate the law on "stigma" and "plus" was clearly established. A "stigma" and "plus" claim is one in which "the state action not only caused the stigma of a damaged reputation, but also . . . deprived the

3

plaintiff of a protected liberty or property interest." *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 376 (9th Cir. 1999). Whether the same actor must publicize the stigmatizing information and deprive the plaintiff of his protected property interest has not been clearly established in the law. As no clearly established law was violated here, qualified immunity applies.

Pavel argues his due process rights were eroded by the application of *Armstrong v. Meyers*, 964 F.2d 948, 950 (9th Cir. 1992). In *Armstrong*, this court held that the availability of an arbitration process under a collective bargaining agreement satisfies due process even where the union eventually declines to pursue arbitration, "provided of course, those procedures satisfy due process." *Id*. at 950–51. *Armstrong* controls here. As the district court correctly noted, Pavel's grievance with the lack of post-termination process lies with his union and cannot be brought against defendants.

Second, on a motion for summary judgment, we evaluate Pavel's Title VII racial and gender discrimination claims using the three-part burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, a plaintiff may establish a prima facie case of discrimination by demonstrating that: (1) he is a member of a protected class; (2) he was qualified for his position and performing satisfactorily; (3) he experienced an adverse employment action, and (4) similarly situated individuals outside his

protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Hawn v Exec. Jet Mgmt. Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). If a plaintiff establishes a prima facie showing of discrimination, "the burden of production, but not persuasion, then shifts to the [defendant] to articulate some legitimate, non-discriminatory reason for the challenged action." *Id.* at 1155 (internal quotation marks and punctuation omitted). "If defendant meets this burden, plaintiff[] must then raise a triable issue of material fact as to whether the defendant's proffered reasons for their termination[] are mere pretext for unlawful discrimination." *Id.*

Pavel failed to establish a prima facie case of either racial or gender discrimination because he did not allege facts demonstrating he was treated differently from similarly situated employees or that other circumstances surrounding his termination could give rise to an inference of discrimination. *Id.* at 1156. However, even if he had established a prima facie case, the defendants articulated a legitimate, non-discriminatory reason for Pavel's termination: he was terminated for violating the University's sexual harassment policy. Pavel failed to offer any evidence that could raise a triable issue of material fact that the University's articulated reason for his termination was pretextual. Summary judgment on Pavel's discrimination claims was therefore appropriate.

5

Finally, Pavel contends that the University terminated his employment in retaliation for First Amendment protected statements he made about the firing of a Native American professor two years prior to his termination. To establish a prima facie case of retaliation, a plaintiff must demonstrate (1) he spoke on a matter of public concern; (2) he spoke as a private citizen; and (3) the "protected speech was a substantial or motivating factor" in his termination. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). If the plaintiff can make a prima facie showing of retaliation, the defendants are nonetheless entitled to summary judgment if they demonstrate they "would have reached the same adverse employment decision even in the absence of the employee's protected conduct." *Id.* at 1072 (internal citations and punctuation omitted).

Pavel has not shown that his protected statements were "a substantial or motivating factor" in his termination. *Id.* at 1070. His only evidence of retaliation is speculation that one defendant (who was not a decisionmaker in the termination process) had animosity against Pavel because of statements Pavel had made two years earlier. Ultimately, Pavel has failed to offer evidence demonstrating that any defendant responsible for the termination decision was motivated by his protected speech. However, even if we could infer causation from the evidence presented, defendants would be entitled to summary judgment because they demonstrated

6

they would have terminated Pavel even in the absence of his protected statements.

Thus, summary judgment was appropriate.

**AFFIRMED.**